## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Gerry McDade,<br>　　　Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: |
| YRC Worldwide Inc.<br>a/k/a YRC, Inc.,<br>　　　Defendant. | ) ) ) ) | |

## COMPLAINT

COMES NOW Plaintiff, Gerry McDade ("Mr. McDade"), by and through counsel, Lloyd P. Mullen of Mullen and Associates, P.C., and for his Complaint against the Defendant, YRC Worldwide Inc. a/k/a YRC, Inc. ("YRC") alleges the following:

### Introduction

1.　　This is an action brought against YRC pursuant to 42 U.S.C § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) for race discrimination.

### Jurisdiction

2.　　The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-(5).

### Venue

3.　　The unlawful employment actions described below were committed in the State of Illinois at YRC's Bolingbrook, Illinois terminal. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1391(b).

### Administrative Exhaustion

4.      On June 15, 2011, the Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission in the Chicago District Office and with the Illinois Department of Human Rights against YRC for race discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*)

5.      On December 4, 2013, a Notice of Right to Sue was issued to Plaintiff by the United States Equal Employment Opportunity Commission's Chicago District Office.

### Parties

6.      Mr. McDade is a 55-year-old African-American male who was formerly employed by YRC.

7.      YRC is a global transportation and trucking company incorporated under the laws of Delaware and doing business in and throughout the state of Illinois including but not limited to the Northern District of Illinois, Eastern division.

### General Allegations

8.      Mr. McDade worked for YRC and its predecessors out of its Bolingbrook, Illinois terminal since 2007.

9.      Mr. McDade's most recent position with CRC was as a combo driver. Combo driver's for YRC typically load their assigned trucks, drive the truck to the

customer and unload the vehicle.

10.     YRC engaged in systemic racial discrimination with respect to assignments and placement of its employees. Specifically, it assigned African-American and Hispanic employees to drive the worst routes and load the heaviest loads.

11.     Mr. McDade and all other African American and Hispanic drivers were treated disparately compared to other similarly situated, non-minority employees when YRC made its work assignments.

12.     Mr. McDade and all other African American and Hispanic YRC drivers were treated disparately from the non-minority by YRC drivers at the Bolingbrook Illinois terminal. African American and Hispanic YRC were required to drive inner-city routes.   The inner city routes are "Bad Routes" because they are more dangerous physically to the drivers, they cause the driver's more stress, the driver's were more likely to get into accidents, the routes were physically harder, the driving was more difficult and stressful partly because the trucks were 53' feet long and were difficult to maneuver in inner-city areas, there was few places to park the trucks and the freight was more difficult to load and unload.

13.     Non-minority drivers were allowed to refuse loads that were difficult to load or unload or drive without consequences.

14.     Mr. McDade and African American and Hispanic workers were threatened with discipline if they tried to refuse a load.

15.     Mr. McDade and African American and Hispanic drivers were only

allowed on "Good" or desirable routes when non-minority drivers were unavailable or refused to drive the load because it required heavy lifting.

16.     Mr. McDade and African American and Hispanic drivers were often stuck on the docks with the heaviest and worst loads while non-minority drivers were not assigned to the docks or refused to work on the docks during difficult loads.

17.     Mr. McDade and African American and Hispanic drivers were often not assigned their own trucks while non-minorities drivers with less seniority were routinely given their own truck.

18.     Mr. McDade and African American and Hispanic drivers often received harsher and more persistent discipline than non-minority drivers.

19.     Mr. McDade and African American and Hispanic drivers were given the torn up trucks.

20.     When Mr. McDade was awaiting the renewal of his Hazmat license, he was reduced to less than 40 hours per week while a Caucasian employee who was awaiting his Hazmat license renewal was able to work full-time and overtime.

21.     When Mr. McDade and other African American and Hispanic drivers complained of the disparate treatment and prepared a petition to YRC objecting to the disparate treatment, Mr. McDade was disciplined, suspended and eventually terminated.

22.     Mr. McDade and other African-American and Hispanic employees were subjected to a racially hostile working environment by, in addition to the disparate

treatment mentioned above, they were subjected to inappropriate and hurtful racial stereotypes. For example, when Mr. McDade left his personal work supplies in the truck he had been driving, a YRC supervisor took the truck and assigned it to someone else. When Mr. McDade inquired as to what happened to his possessions, his Caucasian supervisor replied that all she found was "fried chicken bones".

23.    A YRC supervisor hung a monkey from a noose in the bathroom

**First Cause of Action (For Violations of 42 U.S.C. § 1981)**

24.    Plaintiff incorporates paragraphs 1 through 23 herein by reference.

25.    Mr. McDade is an African-American protected from racial discrimination by 42 U.S.C. § 1981.

26.    Mr. McDade received disparate treatment compared to other similarly situated, non-minority employees in work assignments and when he received warnings, suspensions and his eventual termination

27.    The warnings, his suspension, and termination of Mr. McDade's employment were not justified under the stated reasons provided by YRC or otherwise justified by Mr. McDade's work performance.   Other non-minority drivers were not disciplined for similar offenses.

28.    The stated reasons for the warnings, suspensions, and termination of Mr. McDade's employment were pretexts for discrimination.

29.    Mr. McDade had a long history of satisfactory work performance for YRC and was performing his job satisfactorily during the time period relevant to this Complaint.

30.     Mr. McDade's employment as a driver was terminated by CRC because of his race and his complaining about the unfair treatment.

31.     Defendant's actions and omissions violated Plaintiff's rights secured by 42 U.S.C. § 1981.

**Second Cause of Action (For Violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*)**

32.     Paragraphs 1 through 31 are incorporated herein.

33.     Plaintiff has exhausted all administrative filing requirements of 42 U.S.C. §§ 2000e.

34.     By the foregoing acts Defendant violated Title VII by discriminating against Mr. McDade because of his race in the terms, conditions and privileges of his employment.

35.     Defendant's actions were with malice and reckless disregard for Plaintiff's federally protected civil rights.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for the following relief:

a.     Backpay;

b.     Front pay in lieu of reinstatement;

c.     Nonpecuniary and compensatory damages, including damages for humiliation, emotional distress and consequential damages;

d.     Punitive damages;

6

e.     Pre- and post-judgment interest at the highest rate allowed by law;

f.     Costs and reasonable attorneys fees; and

g.     All other legal or equitable relief to which Plaintiff is entitled.


Respectfully submitted,

MULLEN & ASSOCIATES, P.C.


_____/s/_____
Lloyd P. Mullen, #6201670
Attorney for Plaintiff
113 West Joliet St.
Crown Point, IN 46307
(219) 661-1529

**Jury Demand**

Plaintiff requests this matter be tried by a jury.


_____/s/_____
Lloyd P. Mullen, #6201670