# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GERRY MCDADE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 14 cv 1500 |
| | ) | |
| v. | ) | (Consolidated with Case No. 14-cv-8758) |
| | ) | |
| YRC WORLDWIDE, INC. a.k.a. YRC, INC., | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed herein, Defendant's Motion to Sever Plaintiffs' Claims [71] is denied. A status conference to set this matter for trial is set for 9/18/17 at 9:30 a.m.

**I. Factual Background**

These consolidated cases allege racial discrimination that occurred at the Bolingbrook, Illinois terminal operated by Defendant YRC Worldwide, Inc. ("YRC" or "Defendant").[1] A comprehensive factual background of this case is discussed in this Court's memorandum opinion and order on Defendant's motion for summary judgment, which is being entered contemporaneously with the instant opinion; for the purposes of the motion before the Court, the background discussion is limited to those facts pertinent to this decision. Generally, the Plaintiffs -- a group of African American and Hispanic truck drivers employed by Defendant in the Bolingbrook terminal -- allege that they were subjected to a racially discriminatory system of assigning work; minority drivers were given harder and more dangerous loads and routes, whereas white drivers were given easier jobs. The Plaintiffs also allege that they were given substandard equipment, were disciplined more harshly than their white counterparts, and were subjected to a hostile work environment. The two cases currently before the Court were

---

[1] Case No. 14-cv-1500 has a single plaintiff, Gerry McDade. Case No. 14-cv-8758, which was consolidated with the *McDade* case.

consolidated on the Plaintiffs' motion, with YRC's consent, pursuant to Federal Rule of Civil Procedure 42 and Local Rule 40.4. (Dkt. 23.) However, this case is not a class action; each of the named Plaintiffs brings his claim in his individual capacity. As such, each Plaintiff has the burden of proving the allegations outlined above in order to prevail on his claims. Following the Court's decision on summary judgment, there are eight plaintiffs remaining in the case.[2]

Although this case has been pending for three years, Defendants have now moved pursuant to Federal Rules of Civil Procedure 21 and 42, seek that the Court "sever or separate Plaintiffs' claims for trial because Plaintiffs' claims are not properly joined under Rule 20 and because failing to sever or separate Plaintiffs' claims for trial will create judicial inferences and result in unfair prejudice to [Defendant]." (Dkt. 72 at 1.) For the reasons discussed more fully herein, the Court rejects Defendant's arguments and denies Defendant's motion.

## II. Discussion

### A. Joinder Pursuant to Rule 20 and Rule 21

Federal Rule of Civil Procedure 21 allows the Court to sever any claim against a party. Whether joinder is proper turns on Federal Rule of Civil Procedure 20(a)(1), which requires that: 1) the plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and 2) any question of law or fact common to all plaintiffs will arise in the action. Federal policy favors joinder, and district courts enjoy wide discretion in deciding whether joinder is proper. *Hawkins v. Groot Industries, Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002).

Regarding the first prong of the test (*i.e.*, the transaction or occurrence issue), the Seventh

---

[2] In addition to Mr. McDade, this consolidated case originally had the following plaintiffs: Craig Allen, Darius Prince, David Neal, Derrick Rias, Eddie Williams, Karl Harris, Ricardo Lazcano, Rickie Lockett, Thomas Jackson, Victor Trinidad, James Williams, Johnny Williams, Rudolph Timmons, and Joel Johnson. Three of the Plaintiffs (Joel Johnson, James Williams, and Rudolph Timmons) settled their claims. The Court granted summary judgment against four other Plaintiffs (Thomas Jackson, Derrick Rias, Eddie Williams, and Karl Harris). That leaves the following eight Plaintiffs for trial: Gerry McDade, Craig Allen, Darius Prince, David Neal, Ricardo Lazcano, Rickie Lockett, Victor Trinidad, and Johnny Williams.

2

Circuit has not provided a definite standard for making the determination. *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009). Instead, district courts take a case-by-case approach, taking into consideration the following factors: 1) the period during which the alleged acts occurred, 2) whether there are differing types of adverse employment actions, 3) whether more than one type of discrimination is alleged; 4) whether the same supervisors were involved; 5) whether the employees worked in the same department; 6) whether the employees were at different geographical locations; and 7) whether a company-wide policy is alleged. *Id.* (quoting *Berry v. Illinois Dept. of Human Servs.*, 2011 WL 111035, at *17 (N.D. Ill. Feb. 2, 2001)).

Most of these factors cut in favor of a finding that Plaintiffs' allegations arise from the same transaction, occurrence, or series of transactions or occurrences. All of the Plaintiffs worked the same job (combo truck drivers), in the same department, in the same location (the Bolingbrook terminal). They all allege the same type of discrimination (namely, intentional discrimination based on their race, and hostile work environment), and they all allege the same type of adverse employment actions (getting undesirable and/or dangerous work routes, increased discipline, and shoddier equipment). Although there is no company-wide policy alleged by the Plaintiffs, that factor is less impactful because all of the Plaintiffs worked in the same location and in the same job. In other words, the need for a company-wide pattern of discrimination is less vital when the Plaintiffs are all attempting to show discrimination emanating from one shared locus. Moreover, the lack of complete overlap of supervisors is not fatal Plaintiffs' claims; while one could argue that this factor cuts against the Plaintiffs, it is also diluted by the fact that there is significant commonality between many of the plaintiffs and the supervisors who engaged in the allegedly discriminatory activities.[3]

---

[3] For example, according to the chart in Defendant's memorandum in support of the instant motion, supervisor Jon

Defendant attempts to atomize Plaintiffs' claims to support to its argument that they do not arise out of the same series of transactions or occurrences, pointing out each alleged instance of discrimination and highlighting the relatively minute ways in which they differ. (*See* Dkt. 72 at 5-10.) However, it is not necessary for all of Plaintiffs' claims to be carbon copies of one another; the factors outlined in *McDowell* demonstrate that it is sufficient for there to be uniformity in the *type* of discrimination and *type* of adverse employment actions to satisfy the first portion of the permissive joinder test. As discussed above, Plaintiffs have demonstrated that there is such commonality among their claims. The Court believes that the factors weigh in favor of finding that the Plaintiffs' claims arise from the same series of transactions or occurrences, and reject Defendant's arguments to the contrary.

Defendant relies heavily on two cases to support its argument that joinder is inappropriate: *Bailey v. Northern Trust Co.,* 196 F.R.D. 513 (N.D. Ill. 2000), and *Buie v. Experian Information Solutions, Inc.*, 1998 WL 729614 (N.D. Ill. Oct. 16, 1998). Both these cases are distinguishable from the instant matter. In *Bailey*, the court held that the five plaintiffs were not properly joined. 196 F.R.D. at 516-17. That case shared many similarities with this case; the plaintiffs worked in the same location and department, and the employment actions were made "by different section managers and team leaders at different times over a period of at least fifteen months." *Id.* at 516. However, in *Bailey*, the plaintiffs "were employed in various positions," and there was significant disparity in the type of adverse employment actions being alleged. *Id.* Here, the Plaintiffs all worked in the same job, and are alleging the same type of adverse employment actions. As noted above, the question before the Court is a multi-factor

---

Rolston is included in the allegations of Allen, Lockett, Trinidad, and Williams. Supervisor Chris Zurales is alleged to have engaged in discriminatory conduct by McDade, Lazcano, and Lockett. And supervisor Leslie Graue was allegedly involved in the discrimination related to Neal, Lazcano, and Trinidad. This is not a situation where each of the Plaintiffs was supervised by a totally different group of people. There appears to be a core collection of supervisors who were responsible for the decisions that Plaintiffs claim constituted discrimination.

balancing test. The Court believes that these two factors – the similarity of the adverse employment actions, and the identical job among the Plaintiffs – weigh heavily in favor of finding that joinder is appropriate, and are a crucial distinction between this case and *Bailey*.

*Buie* is also distinguishable from the instant suit, in that the plaintiffs' allegations in that case were very vague, claiming that the defendant's failure to adhere to its equal employment opportunity policy constituted a "de facto policy and practice of excluding African-Americans from employment and employment advancement opportunities." 1998 WL 729614, at *4. This failure was the only reasoning articulated by the court in *Buie* to justify its holding that the plaintiffs had failed to establish that their claims arose from the same transaction or occurrence. *Id.* Here, the Plaintiffs have pointed to specific actions taken by the Defendant they believe constitute discrimination, which differentiates this case from *Buie*. In short, the Court does not believe that the cases that Defendant relies on are dispositive to the facts and allegations of this case.

The Court also finds that there are common questions of law or fact shared among all of the Plaintiffs in this case. As noted above, the Plaintiffs all worked in the same job at the same location, and alleged that they were discriminated on the basis of their race by being forced to take more dangerous jobs, being disciplined more harshly than their white counterparts, and being subjected to a hostile work environment. This is a sufficiently common nexus between the Plaintiff's claims to satisfy the second requirement of Rule 20(a).

Defendant contends that Plaintiffs have failed to establish that their claims share a common question of law or fact, and have only shown that they were victims "of somewhat similar discriminatory or harassing conduct;" Defendant cites *Bailey* to stand for the proposition that "asserting 'the same general theory of law – race discrimination – [] is not sufficient for purposes of Rule 20(a).'" (Dkt. 72 at 12 (quoting *Bailey*, 196 F.R.D. at 517).) This understates

the similarity in the Plaintiffs' cases, each of which alleges that they were engaged in the same job, in the same location, and were subjected to racial discrimination through the same type of discriminatory action (*i.e.*, harsher discipline and more dangerous routes than similarly situated white combo truck drivers).[4]  This is far more than articulating the same general theory of law, and meets the requirements of Rule 20(a).  Because Plaintiffs have satisfied the requirements of Rule 20, the Court finds that joinder is proper and denies Defendant's motion.

B. **Severing Claims Under Rule 42(b)**

In the alternative, the Defendant argues that the Court should invoke its discretion under Federal Rule of Civil Procedure 42(b) to sever Plaintiffs' claims.  In relevant part, Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate . . . claims."  The Court is disinclined to exercise its discretion to sever the Plaintiffs' claims in this case.  The Court certainly does not believe that it would be more convenient to hold eight separate trials than to hold one trial.  Nor does the Court believe that it would be expeditious or economical to have eight separate trials.  Defendant argues that severing the claims would serve the interests of judicial economy because "a single trial would effectively create multiple mini-trials with little to no overlap."  (Dkt. 72 at 13.)  Of course, what the Defendant fails to mention is that multiple "mini-trials" would almost certainly be less burdensome than having eight full trials, including empaneling eight separate juries, and requiring the Court to set aside months of its schedule to hold those trials.  The Court is hard-pressed to imagine a scenario in which holding eight separate trials is more likely to serve the

---

[4] Having read *Bailey* closely, the Court is at a bit of a loss trying to figure out when joinder would ever be appropriate under the reasoning in that case.  In *Bailey*, the court found that the plaintiffs had failed to meet the common question of law or fact requirement "[b]ecause the factual and legal questions between the plaintiffs and the defendant are based upon wholly separate acts of the defendant with respect to each plaintiff."  196 F.R.D. at 517.  That will almost always be true in any case involving permissive joinder.  If the plaintiffs were all subjected to exactly the same action by the defendant, the case would likely proceed as a class action, and joinder would not be an issue at all.  Permissive joinder is precisely for situations, like this case, wherein the claims brought by the plaintiffs are sufficiently similar to justify going forward together, but not necessarily identical in a way that would support a class action pursuant to Rule 23.

interests of judicial economy than a single trial.

This leaves avoiding prejudice as the only possibly valid reason for choosing to sever these claims. Defendant rightly points out that there is a possibility that evidence about one plaintiff may bleed into a separate plaintiff's case. However, the Court believes that this risk can be adequately mitigated through limiting instructions for the jury and effective trial management. Moreover, any potential risk to the Defendant is significantly outweighed by the inconvenience and lack of judicial economy and that would be caused by holding eight separate trials. As such, the Court does not believe that it would be prudent to sever the Plaintiffs claims pursuant to Rule 42(b).

### III. Conclusion

For the reasons discussed above, Defendant's Motion to Sever Plaintiffs' Claims [71] is denied. A status conference to set this matter for trial is set for 9/18/17 at 9:30 a.m.

Entered: 9/13/2017

_____

U.S. Magistrate Judge, Susan E. Cox